# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melodie Shuler, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> South Carolina Law Enforcement ) <br> Division, ) <br> ) <br> Defendant. ) <br> ) | C/A No.: 3:19-1016-MGL-SVH <br><br><br> ORDER AND NOTICE |

Melodie Shuler ("Plaintiff"), proceeding pro se and in forma pauperis, alleges violations of her Fourteenth Amendment due process rights by South Carolina Law Enforcement Division ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

On April 4, 2019, the court found Plaintiff's complaint involved separate and distinct incidents concerning different groups of defendants and severed her case into six separate actions. [ECF No. 1]. On July 16, 2019, the court transferred this matter to the undersigned magistrate judge for review. [ECF No. 15].

According to the court's order severing Plaintiff's case, this action

concerns Plaintiff's claim that Defendant denied her a security officer's license. [ECF No. 1 at 3]. Plaintiff alleges Defendant denied her a "security officer license without notice or due process of law based on" her allegedly false arrest. [ECF No. 3 at 7, 20]. She further alleges Defendant failed to respond to her request to appeal its decision. *Id.* In addition to her due process claim, Plaintiff asserts causes of action for negligent and intentional infliction of emotional distress. *Id.* at 47–48. She seeks monetary damages. *Id.* at 48.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

2

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the

3

outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of the court's limited jurisdiction.

1. Diversity

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff admits she and Defendant are not diverse. [ECF No. 3 at 3, 4]. Thus, the court lacks diversity jurisdiction.

2. Federal Question

Second, Plaintiff fails to sufficiently allege a viable federal cause of action.

a. § 1983

Plaintiff's claim that Defendant violated her constitutional due process rights falls under 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Only "persons" may act under color of state law, and, therefore, a

defendant in a § 1983 action must qualify as a "person." *See Monnell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Plaintiff has sued SLED, which does not qualify as a person under § 1983.

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the

official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Plaintiff's failure to identify a particular public official as a defendant renders her § 1983 claim invalid.

      b.    Eleventh Amendment Immunity

Independently, Plaintiff's claims against Defendant fail because of Eleventh Amendment Immunity. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies, *see Alabama v. Pugh*, 438 U.S. 781 (1978).

Plaintiff admits Defendant is a state governmental agency. [ECF No. 3 at 4]; *see also* S.C. Code Ann. § 23-3-10 (establishing SLED as an agency of the state of South Carolina). South Carolina has not consented to be sued in this case. *See* S.C. Code Ann. § 15-78-20(e). Thus, Defendant is immune from suit under the Eleventh Amendment.

Accordingly, Plaintiff's federal claims are subject to summary dismissal, and she has failed to adequately show federal question jurisdiction.

c. State Law Claims

Plaintiff's causes of action for negligent and intentional infliction of emotional distress arise under state tort law. Causes of action based on state law generally may only be heard in federal court where there is diversity of citizenship among the parties or if there is supplemental jurisdiction based on other viable federal claims. *See* 28 U.S.C. § 1367 (setting parameters of supplemental jurisdiction). Because Plaintiff has not shown the court has diversity or federal question jurisdiction, Plaintiff's state law causes of action are subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by August 21, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure

8

the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

July 31, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge